Brian E. Claypool, Esq., State Bar# 134674
**THE CLAYPOOL LAW FIRM**
1055 East Colorado Blvd., 5th Floor
Pasadena, CA 91106
(626) 240-4616 (telephone)
(626) 796-9951 (fax)


FILED
CLERK U.S. DISTRICT COURT

FEB 17 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

Attorneys for Plaintiffs,

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.N., a minor by and through her Guardian Ad Litem, Naily Nida; A.N. a minor by and through her Guardian Ad Litem, Naily Nida; X.N., a minor by and through his Guardian Ad Litem, Naily Nida; M.N., a minor by and through her Guardian Ad Litem, Naily Nida; GERALD THAXTON; LOIS JEAN THAXTON; and NAILY NIDA<br><br>       Plaintiffs,<br><br>vs.<br><br>CITY OF DOWNEY; DOWNEY POLICE DEPARTMENT; OFFICER STEVE GILLEY; and DOES 1-10, inclusive<br><br>       Defendants | Case No.: CV12- 01382 SJO (JEMx)<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Unreasonable Search and Seizure – Detention and Arrest (42 U.S.C §1983)<br>2. Unreasonable Search and Seizure and Due Process – Excessive Force (42 U.S.C. §1983)<br>3. Substantive Due Process (42 U.S.C. §1983)<br>4. Municipal Liability for Unconstitutional Custom, Practice, or Policy (42 U.S.C. §1983)<br>5. Supervisory Liability for Constitutional Violations (42 U.S.C. §1983)<br>6. Violations of First Amendment – Freedom of Association (42 U.S.C. §1983)<br>7. Wrongful Death (C.C.P. §377.60)<br>8. Survival Action (42 U.S.C. §1983 & C.C.P. § 377.34)<br>9. Negligence<br>10. Battery<br>11. False Arrest/False Imprisonment<br>12. Violation of Bane Act (Cal. Civ. Code §51.7)<br>13. Intentional Infliction of Emotional Distress<br>14. Negligent Retention<br><br>**DEMAND FOR JURY TRIAL** |


LODGED
CLERK, U.S. DISTRICT COURT

FEB 17 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

## **COMPLAINT FOR DAMAGES**

S.N., A.N., X.N., and M.N. all as minors by and through their Guardian Ad Litem Naily Nida, Gerald Thaxton, Lois Jean Thaxton, and Naily Nida, for their complaint against Defendants City of Downey, Downey Police Department, and DOES 1-10, inclusive, allege as follows:

## **INTRODUCTION**

1.  This civil rights lawsuit seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution, Constitution of the State of California, and California State Law in connection with the fatal police shooting of the decedent, Michael Nida.

## **PARTIES**

2. At all relevant times, decedent Michael Nida ("DECEDENT") was an individual residing in County of Los Angeles, California.

3. Plaintiffs S.N., A.N., X.N., and M.N. are minor individuals residing in County of Los Angeles, California and are the natural born children to DECEDENT. S.N., A.N., X.N., and M.N. sue by and through their natural mother and Guardian Ad Litem, NAILY NIDA, in their individual capacity.

4. Plaintiffs GERALD THAXTON and LOIS JEAN THAXTON are individuals residing in County of Los Angeles, California and are the parents of DECEDENT and sue in their individual capacities.

5. Plaintiff NAILY NIDA is an individual residing in County of Los Angeles, California, and is the wife of DECEDENT. NAILY NIDA sues in her individual capacity as the wife of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT. NAILY NIDA seeks both survival and wrongful death damages under federal and state law.

6. At all relevant times, Defendant CITY OF DOWNEY ("CITY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California. At all relevant times, CITY was the employer of Defendant DOWNEY POLICE DEPARTMENT ("DPD") and Defendants DOES 1-5, who were CITY Police Officers, and DOES 6-10, who were managerial, supervisorial, and policymaking employees of the CITY Police Department. DOES 1-10 are sued in their individual capacity for damages only.

7. At all relevant times, Defendant OFFICER STEVE GILLEY was a duly appointed CITY Police Officer and/or employee or agent of CITY, subject to oversight and supervision  by CITY's elected and non-elected officials.

8. At all relevant times, Defendants DOES 1-10 were duly appointed CITY Police Officers and/or employees or agents of CITY, subject to oversight and supervision by CITY's elected and non-elected officials.

9. In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 1-10 were acting on the implied and actual permission and consent of CITY.

10. At all times mentioned herein, each and every CITY defendant was the agent of each and every other CITY defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every CITY defendant.

11. The true names of defendants DOES 1 through 10, inclusive, are unknown to Plaintiffs, who therefore sue these defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

12. On November 10, 2011, Plaintiffs filed a comprehensive and timely claim for damages with CITY pursuant to applicable sections of the California Government Code.

13. Plaintiffs' claims were rejected on December 14, 2011 by operation of law.

## JURISDICTION AND VENUE

14. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the First, Fourth, and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1334, and 1367.

15. Venue is proper in this Court under 28 U.S.C. §1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in the County of Los Angeles, California.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

16. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 15 of this Complaint with the same force and effect as if fully set forth herein.

17. On the evening of October 22, 2011, DECEDENT was out on a date with his wife celebrating his birthday when he stopped at an ARCO gas station on the corner of Imperial Highway and Paramount Boulevard in Downey.

18. After pumping gas in his car DECEDENT walked across the street to buy cigarettes at a tobacco shop while his wife waited for him at the ARCO station.

19. Upon exiting the tobacco shop, DECEDENT, absent any probable cause, was stopped by a DPD officer and was asked to sit on the curb and show some form of identification.

20. The DPD officer was supposedly responding to a Bank of America ATM robbery that had occurred a few blocks down from the location where DECEDENT was. The individual who called 911 identified the robbery suspects as two African American men wearing hoodies while DECEDENT was half Caucasian and half Puerto Rican and was wearing a polo shirt.

21. DECEDENT reached for his id and out of fear for being racially profiled began to run across the street toward a nearby residence. DPD Officers surrounded the area.

22. The area surrounding the ARCO gas station includes a Walgreen's immediately adjacent to the gas station, a closed former KFC restaurant with a drive thru behind the gas station and the backyards of residences immediately behind the KFC alley.

23.  While hiding in a backyard DECEDENT used his cell phone to call his wife and let her know he was scared because police were unnecessarily chasing him.

24. DPD officers later found DECEDENT and told him to get on the ground. DECEDENT first complied, but when an officer put his foot on DECEDENT'S butt to push him down DECEDENT, in fear of being beaten up by the officer, got up and ran toward the intersection of Imperial Highway and Paramount Boulevard.

25. As DECEDENT ran away from the DPD, OFFICER STEVE GILLEY retrieved an MP5 submachine gun from his patrol car and deployed it, shooting

DECEDENT in the back. At the moment that GILLEY deployed the MP5, DECEDENT in no way posed a risk of immediate serious harm to GILLEY or others. In fact, DECEDENT was unarmed.

26. After DECEDENT was shot in the back, his wife then observed him limping as he walked out of the KFC drive thru area toward the Imperial Highway and Paramount Boulevard intersection. At least two or more DPD officers were pursuing DECEDENT on foot.

27. By this time, several police units and DPD officers had arrived on Paramount Boulevard.

28. On information and belief, DECEDENT may have been shot a second time in the chest at a time when he posed no risk of harm to the DPD officers. DECEDENT was then taken to the hospital where he was pronounced dead on arrival due to multiple gunshot wounds.

29. After the shooting, DPD officers wrongfully detained Plaintiff NAILY NIDA for several hours and would not allow her to accompany DECEDENT to the hospital. DPD Officers had no probable cause to detain NAILY NIDA.

30. Plaintiff NAILY NIDA was detained for about four hours without being able to see DECEDENT or inform the couple's four children that DECEDENT had been killed.

31. At no time prior to the shooting, did OFFICER GILLEY and DOE DPD Officers ever command DECEDENT to drop anything prior to fatally shooting him, nor did they warn DECEDENT that they were going to shoot him or issue any other commands prior to fatally shooting him.

32. At the time of the shooting, DECEDENT was unarmed and posed no imminent threat of death or serious physical injury to OFFICER GILLEY, any DOES, or any other person. The DPD's use of deadly force was excessive and objectively unreasonable under the circumstances. Given that DECEDENT was unarmed and shot in the back combined with the number of shots fired without warning, and OFFICER GILLEY'S wrongful use of an MP5 submachine gun, the use of deadly force in this case demonstrated a deliberate indifference to the health and safety of Mr. Nida and shocks the conscience.

## FIRST CLAIM FOR RELIEF

### Unreasonable Search and Seizure – Detention and Arrest (42 U.S.C. §1983)

(Against Defendants OFFICER GILLEY and DOES 1-5)

33. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 32 of this Complaint with the same force and effect as if fully set forth herein.

34. Defendants OFFICER GILLEY and DOES 1-5 caused DECEDENT to be detained and arrested in violation of his right to be secure in his person against

unreasonable searches and seizures as guaranteed to the DECEDENT under the Fourth

Amendment to the United States Constitution and applied to state actors by the

Fourteenth Amendment.

35. As a result of the conduct of Defendants OFFICER GILLEY and DOES 1-5, Defendants are liable for DECEDENT'S injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

36. The DECEDENT was pursued and fatally shot without reasonable suspicion and probable cause.

37. The conduct of Defendants OFFICER GILLEY and DOES 1-5 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants OFFICER GILLEY and DOES 1-5.

38. Plaintiff NAILY NIDA brings this claim individually and as successor-in-interest to DECEDENT, and seeks both survival and wrongful death damages under federal law for the violation of DECEDENT'S rights. Plaintiff NAILY NIDA also seeks attorney fees under this claim.

## SECOND CLAIM FOR RELIEF

**Unreasonable Search and Seizure and Due Process – Excessive Force (42 U.S.C. §1983)**

(Against Defendants OFFICER GILLEY and DOES 1-5)

39. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 38 of this Complaint with the same force and effect as if fully set forth herein. Specifically, the use of deadly force was excessive and unreasonable under the circumstances.

40. Defendants OFFICER GILLEY and DOES 1-5's unjustified shooting deprived DECEDENT of his right to be secure in his persons against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

41. The unreasonable use of deadly force by Defendants OFFICER GILLEY and DOES 1-5 deprived the DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

42. As a result, DECEDENT suffered extreme pain and suffering and eventually suffered a loss of life and earning capacity. Plaintiffs have also been deprived of the

life-long love, companionship, comfort, support, society, and care of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses and a loss of financial support.

43. As a result of their conduct, Defendants OFFICER GILLEY and DOES 1-5 are liable for DECEDENT'S injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

44. The conduct of Defendants OFFICER GILLEY and DOES 1-5 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrant the imposition of exemplary and punitive damages as to Defendants OFFICER GILLEY and DOES 1-5.

45. Plaintiff NAILY NIDA brings this claim individually and as successor-in-interest to the DECEDENT, and seeks both survival and wrongful death damages under federal law for the violation of DECEDENT'S rights. Plaintiff NAILY NIDA also seeks attorney fees under this claim.

## THIRD CLAIM FOR RELIEF

### Substantive Due Process (42 U.S.C. §1983)

(Against Defendants OFFICER GILLEY and DOES 1-5)

46. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 45 of this Complaint with the same force and effect as if fully set forth herein.

47. GERALD THAXTON and LOIS JEAN THAXTON had a cognizable interest under the Substantive Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including, but not limited to, unwarranted state interference in Plaintiff's familial relationship with their son, DECEDENT.

48. DECEDENT had a cognizable interest under the Substantive Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience.

49. As a result of the excessive force by Defendants OFFICER GILLEY and DOES 1-5 and failure of Defendants OFFICER GILLEY and DOES 1-5 to intervene, DECEDENT died. Plaintiffs were thereby deprived of their constitutional right of familial relationship with DECEDENT. The involved officers interfered with the familial relationship between the Plaintiffs and DECEDENT.

50. Defendants OFFICER GILLEY and DOES 1-5, acting under color of state law, thus violated the Fourteenth Amendment rights of Plaintiffs to be free from unwarranted interference with their familial relationship with DECEDENT.

51. The aforementioned actions of Defendants OFFICER GLILEY and DOES 1-5, along with other undiscovered conduct, shock the conscience, in that deliberation

was practical and they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs, and with purpose to harm unrelated to any legitimate law enforcement objective.

52. Defendants OFFICER GILLEY and DOES 1-5, acting under color of state law, thus violated the Fourteenth Amendment rights of DECEDENT and Plaintiffs.

53. As a direct and proximate cause of the acts of Defendants OFFICER GILLEY and DOES 1-5, the DECEDENT experienced severe pain and suffering and lost his life and earning capacity. Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, and care of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses and loss of financial support.

54. As a result of the conduct of Defendants OFFICER GILLEY and DOES 1-5, they are liable for DECEDENT'S injuries, either because they were integral participants in the denial of due process, or because they failed to intervene to prevent these violations.

55. The conduct of Defendants OFFICER GILLEY and DOES 1-5 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to Defendants OFFICER GILLEY and DOES 1-5.

56. Plaintiff NAILY NIDA brings this claim as successor-in-interest to DECEDENT, and seeks both survival and wrongful death damages under federal law. GERALD THAXTON and LOIS JEAN THAXTON bring this claim in their individual capacity for wrongful death damages under federal law. Plaintiffs also seek attorney fees under this claim.

## FOURTH CLAIM FOR RELIEF

### Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. §1983)

(Against Defendants DPD, DOES 6-10, and CITY)

57. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 56 of this Complaint with the same force and effect as if fully set forth herein.

58. On and for some time prior to October 22, 2011, (and continuing to the present date) Defendants DPD, DOES 6-10 and CITY, deprived Plaintiffs and DECEDENT of the rights and liberties secured to them by the Fourth and Fourteenth Amendments to the United States Constitution, in that said Defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiffs and DECEDENT, and of persons in their class,

situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

(a) Employing and retaining as CITY Police Officers and other personnel, including Defendants OFFICER GILLEY and DOES 1-5, who Defendants DPD, DOES 6-10 and CITY, at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written CITY Police Department policies;

(b) Of inadequately supervising, training, controlling, assigning, and disciplining CITY Police Officers, and other personnel, including Defendants DOES 1-5, who Defendants DPD, DOES 6-10 and CITY knew or in the exercise of reasonable care should have known has the aforementioned propensities and character traits;

(c) By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining, and controlling the intentional misconduct by Defendants OFFICER GILLEY and DOES 1-5, who are Police Officers of CITY;

(d) By failing to adequately train officers, including Defendants OFFICER GILLEY and DOES 1-5, and failing to institute appropriate

policies, regarding constitutional procedures and practices for traffic stops and shooting at individuals;

(e) By ratifying the intentional misconduct of Defendants OFFICER GILLEY and DOES 1-5, who are Police Officers of CITY, including the misconduct and excessive force used against an individual Miguel Macias in July 2011;

(f) By failing to discipline CITY Police Officers conduct, including, but not limited to, of unlawful detention and excessive force;

(g) By failing to properly investigate claims of unlawful detention and excessive force by CITY Police Officers;

(h) By conspiring to give a false account of the incident to attempt to justify the use of deadly force; and

(i) By having and maintaining an unconstitutional policy, custom, and practice of detaining and arresting individuals without probable cause or reasonable suspicion, and using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs, and practices of DPD, DOES 6-10 and CITY, were done with a deliberate indifference to individuals' safety and rights.

59. By reason of the aforementioned policies and practices of Defendants DPD, DOES 6-10 and CITY, DECEDENT was severely injured and subjected to pain and suffering and lost his life.

60. Defendants DOES 6-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraph above. Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiffs and other individuals similarly situated.

61. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants DOES 6-10, acted with an intentional, reckless, and callous disregard for the life of DECEDENT, and DECEDENT'S and Plaintiffs' constitutional rights. Defendants DOES 6-10, each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

62. Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendants DOES 6-10, were affirmatively linked to

and were a significantly influential force behind the injuries of DECEDENT and Plaintiffs.

63. By reason of the aforementioned acts and omissions of Defendants DOES 6-10, Plaintiffs were caused to incur funeral and related burial expenses, and loss of financial support.

64. By reason of the aforementioned acts and omissions of Defendants DOES 6-10, Plaintiffs have suffered loss of love, companionship, affection, comfort, care, society, and future support.

65. Accordingly, Defendants DOES 6-10, each are liable to Plaintiffs for compensatory damages under 42 U.S.C. §1983.

66. Plaintiffs seek both wrongful death and survival damages under this claim. NAILY NIDA brings this claim individually and as successor-in-interest to DECEDENT, and seeks both survival and wrongful death damages under federal law. S.N., A.N., X.N., and M.N. bring this claim in their individual capacity for wrongful death damages under federal law. Plaintiffs also seek attorney fees under this claim.

### FIFTH CLAIM FOR RELIEF

### Supervisory Liability for Constitutional Violations (42 U.S.C. §1983)

(Against DOES 6-10)

67. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 66 of this Complaint with the same force and effect as if fully set forth herein.

68. Defendants DOES 6-10, inclusive, failed to adequately train, supervise, discipline, or in any other way control CITY Police Officers DOES 1-5, in the exercise of their duties as officers, sergeants, commanders, and/or supervisors.

69. Defendants DOES 6-10 knowingly and deliberately fostered, maintained, and condoned a policy, practice and custom or otherwise acted in a manner that was deliberately indifferent to the lives and liberty of persons such as DECEDENT and that such policy, practice, custom, and/or actions were a direct and legal cause of his death. The policy, practice, custom, and actions included, without limitation, knowingly and deliberately failing to properly train, discipline and supervise employees regarding both the use of force, including deadly force, and the proper procedures to be followed in detaining individuals.

70. Moreover, Defendants Does 6-10 learned and became aware of the excessive force used against DECEDENT and others and tolerated, encouraged, and condoned this misconduct by consciously ignoring, turning a blind eye and overlooking the misconduct.

71. By consciously and deliberately overlooking the acts of misconduct by their subordinate officers Defendants DOES 1-5, Defendants DOES 6-10 established a custom and practice of condoning and ratifying such misconduct, and established a tolerated pattern of constitutional violations amongst their subordinate officers.

72. Defendants DOES 6-10, through their custom and practice of encouraging, condoning, tolerating, and ratifying constitutional violations by their subordinate officers, including Defendants DOES 1-5, were deliberately indifferent to the constitutional violations being committed by their subordinates, including said subordinate officers.

73. Based on the custom and practice of condoning, tolerating, and ratifying constitutional violations and a failure to adequately train and discipline subordinate officers who committed constitutional violations, such as Defendants DOES 1-5, Defendants DOES 6-10 are liable for constitutional violations committed by said defendants for the damages suffered by DECEDENT and by Plaintiffs as set forth herein.

74. The aforementioned acts of the individual Defendants DOES 6-10 were willful, wanton, malicious, and oppressive thereby justifying the awarding of exemplary and punitive damages as to these Defendants.

## SIXTH CLAIM FOR RELIEF

### Violations of First Amendment – Freedom of Association

(Against OFFICER GILLEY and DOES 1-5)

75. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 74 of this Complaint with the same force and effect as if fully set forth herein.

76. Defendants deprived DECEDENT and Plaintiffs GERALD THAXTON and LOIS JEAN THAXTON of the rights and liberties secured to them under the First Amendment of the Constitution of the United States, and applied to state actors through the Fourteenth Amendment, to the formation and preservation of highly personal and intimate relationships free from unjustified interference by the State.

77. Defendants' conduct in shooting DECEDENT was unjustified and without probable cause. This conduct by Defendants was willful and intentional.

78. Defendants DOES 1-5 as CITY Police Officers were acting under the color of law when they shot and killed DECEDENT and the acts of Defendants was the proximate and direct cause of the deprivation of DECEDENT'S and Plaintiffs' right to maintain and preserve their familial and highly personal relationship.

79. As a result of the conduct and actions of Defendants OFFICER GILLEY and DOES 1-5, Plaintiffs GERALD THAXTON and LOIS JEAN THAXTON have permanently been deprived of their ability to maintain a familial relationship with their son and have been deprived of his life-long love, companionship, and society.

80. Accordingly, Defendants 1-5, each are liable to Plaintiffs for compensatory damages under 42 U.S.C. §1983.

81. Plaintiffs GERALD THAXTON and LOIS JEAN THAXTON bring this claim in their individual capacity as parents of DECEDENT since they raised

DECEDENT and cared for him since he was an infant. Plaintiffs also seek attorney

fees under this claim.

## SEVENTH CLAIM FOR RELIEF

### Wrongful Death (C.C.P. §377.60)

(Against All Defendants)

82. Plaintiffs repeat and reallege each and every allegation in paragraphs 1

through 81 of this Complaint with the same force and effect as if fully set forth herein.

83. Plaintiff NAILY NIDA as successor-in-interest of DECEDENT and

Plaintiffs S.N., A.N. X.N., and M.N. as the surviving heirs of DECEDENT assert a

wrongful death action against all Defendants pursuant to §377.60 et.seq. of the

California Code of Civil Procedure. Said claim is based upon the fact that the

negligent, reckless, and wrongful acts and omissions of Defendants, as alleged herein,

were a direct and legal cause of DECEDENT'S death and the resulting damages to

Plaintiffs.

84.  Plaintiffs are informed and believe and thereon allege that the

aforementioned acts of Defendants were willful, malicious, intentional, oppressive,

reckless and/or were done in willful and conscious disregard of the rights, welfare, and

safety of DECEDENT and Plaintiffs, thereby justifying the awarding of punitive and

exemplary damages against defendants in an amount to be determined at time of trial.

85. Plaintiffs are claiming wrongful death damages under the Fourth and Fourteenth Amendment claims, and also under their state law claims for battery, negligence, and violation of Civil Code 52.1.

### EIGHTH CLAIM FOR RELIEF

**Survival Action (42 U.S.C. §1983 and C.C.P §377.34)**

(Against All Defendants)

86. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 85 of this Complaint with the same force and effect as if fully set forth herein.

87. This cause of action is brought by Plaintiff NAILY NIDA as successor-in-interest to DECEDENT based on violations of his Fourth and Fourteenth Amendment rights, and pursuant to 42 U.S.C. §1983 and Section 377.34 of the California Code of Civil Procedure.

88. As a proximate result of the wrongful conduct of Defendants as alleged, DECEDENT suffered intense physical and emotional pain, anguish, distress, despair, and suffering all during the time of the excessive force used by Defendants and up until the time of his death at the hands of Defendants. Plaintiff is claiming survival damages under her Federal and State law claims.

## NINTH CLAIM FOR RELIEF

### Negligence (Cal. Govt. Code §820 and California Common Law)

(Wrongful Death)

(Against All Defendants)

89. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 88 of this Complaint with the same force and effect as if fully set forth herein.

90. The actions and inactions of the Defendants were negligent and reckless, including, but not limited to:

      (a) the failure to properly and adequately assess the need to detain and use force or deadly force against DECEDENT;

      (b) the negligent tactics and handling of the situation with DECEDENT, including the use of an MP-5 machine gun in a residential area;

      (c) the negligent detention, arrest, and tactics in conducting an investigation into a report of a person with a weapon, and negligent use of force, including, deadly force, against DECEDENT;

      (d) the failure to properly train and supervise employees, both professional and non-professional, including Defendants DOES 1-5;

      (e) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

(f) the negligent handling of evidence and information transmitted from the 911 call.

91. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died and lost his earning capacity. Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body. Plaintiff ahs also been deprived of the life-long love, companionship, comfort, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

92. CITY is vicariously liable for the wrongful acts of Defendants DOES 1-10, inclusive, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

93. Plaintiff NAILY NIDA brings this claim individually and as successor-in-interest to DECEDENT, and seeks both survival and wrongful death damages under state law. Plaintiffs S.N., A.N., X.N. and M.N. bring this claim in their individual capacity.

# TENTH CLAIM FOR RELIEF

## Battery (Cal. Govt. Code §820 and California Common Law)

### (Wrongful Death)

### (Against Defendants OFFICER GILLEY, DOES 1-5, and CITY)

94.  Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 93 of this Complaint with the same force and effect as if fully set forth herein.

95. Defendants DOES 1-5. While working as Police Officers for the DPD, and acting within the course and scope of their duties, intentionally shot DECEDENT. The shooting was a use of unreasonable force against the DECEDENT which the DECEDENT did not consent to. As a result of the actions of Defendants OFFICER GILLY and DOES 1-5, DECEDENT suffered severe pain and suffering and ultimately died from his injuries and lost earning capacity. DOES 1-5 had no legal justification for using force against DECEDENT and said Defendants' use of force while carrying out their police duties was an unreasonable use of force.

96. As a direct and proximate result of Defendants' conduct as alleged above, Plaintiff suffered extreme and severe mental anguish and pain and has been injured in mind and body. Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life. CITY is vicariously liable for the wrongful acts of Defendant DOES 1-5 pursuant to section 815.2(a) of the California

Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability.

97. The conduct of Defendant DOES 1-5 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff and DECEDENT, entitling Plaintiff, individually and as successor-in-interest to DECEDENT, to an award of exemplary and punitive damages.

98. Plaintiff NAILY NIDA brings this claim individually and a successor-in-interest to DECEDENT, and seeks both survival and wrongful death damages under state law.

## ELEVENTH CLAIM FOR RELIEF

### False Arrest/False Imprisonment

### (Against Defendants DOES 1-5 and CITY)

99. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 98 of this Complaint with the same force and effect as if fully set forth herein.

100. Defendants OFFICER GILLEY and DOES 1-5, while working as Police Officers for the CITY Police Department, and acting within the course and scope of their duties, intentionally deprived Plaintiff NAILY NIDA of her freedom of movement by use of force, threats of force, menace, fraud, deceit, and unreasonable

suspicion. The involved officers detained Plaintiff NAILY NIDA without reasonable suspicion for approximately four hours after shooting and killing DECEDENT.

101. Plaintiff NAILY NIDA did not knowingly or voluntarily consent.

102. CITY is vicariously liable for the wrongful acts of Defendants OFFICER GILLEY and DOES 1-5, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability.

103. The conduct of Defendants OFFICER GILLEY and DOES 1-5 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the right of DECEDENT, entitling Plaintiff to an award of exemplary and punitive damages.

104. Plaintiff NAILY NIDA brings this claim, individually and as successor-in-interest to DECEDENT, and seeks both survival and wrongful death damages under state law.

## TWELFTH CLAIM FOR RELIEF

**Violation of Bane Act (Cal. Civ. Code §51.7 and California Common Law)**

**(Against CITY, OFFICER GILLEY and DOES 1-5)**

105. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 104 of this Complaint with the same force and effect as if fully set forth herein.

106. Defendants OFFICER GILLEY and DOES 1-5, while working as Police Officers for the CITY Police Department, and acting within the course and scope of their duties, interfered with or attempted to interfere with the rights of DECEDENT to be free from unreasonable searches and seizures, and to be free from state actions that shock the conscience, by threatening or committing acts involving violence, threats, coercion, or intimidation.

107. DECEDENT reasonably believed that if he exercised his constitutional rights, Defendants OFFICER GILLEY and DOES 1-5 would commit acts involving violence, threats, coercion, or intimidation against him.

108. Defendants OFFICER GILLEY and DOES 1-5 injured DECEDENT to prevent DECEDENT from exercising his rights or retaliated against DECEDENT for having exercised his rights.

109. DECEDENT was caused to suffer severe pain and suffering and ultimately died. Plaintiffs have suffered mental anguish and pain and have been injured in mind and body. Plaintiffs have been deprived of the life-long comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

110. The conduct of Defendants OFFICER GILLEY and DOES 1-5 was a substantial factor in causing the harm, losses, injuries, and damages of DECEDENT and Plaintiffs.

111. CITY is vicariously liable for the wrongful acts of Defendants OFFICER GILLEY and DOES 1-5 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability.

112. The conduct of Defendants OFFICER GILLEY and DOES 1-5 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiff to an award of exemplary and punitive damages.

113. Plaintiff NAILY NIDA brings this claim individually and as successor-in-interest to DECEDENT. Plaintiffs GERALD THAXTON, LOIS JEAN THAXTON, S.N., A.N., X.N., and M.N. also bring this claim as individuals. Plaintiffs seek both survival and wrongful death damages under state law. Plaintiffs also seek attorney fees under this claim.

## THIRTEENTH CLAIM FOR RELIEF

### Intentional Infliction of Emotional Distress (Cal. Govt. Code §820 & California Common Law)

(Against Defendants OFFICER GILLEY and DOES 1-5)

114. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 113 of this Complaint with the same force and effect as if fully set forth herein.

115. The actions of Defendants OFFICER GILLEY and DOES 1-5 toward Plaintiff NAILY NIDA (i.e. shooting her husband while she watched) were done intentionally and with a reckless disregard of the probability of causing Plaintiff NAILY NIDA emotional distress.

116. Defendants OFFICER GILLEY and DOES 1-5, while working as Police Officers for CITY, and acting within the course and scope of their duties, conducted themselves in a manner that exceeded all bounds of what is tolerated in a civilized community when they intentionally battered, assaulted and then shot and killed DECEDENT in front of his wife using and MP5 submachine gun. Plaintiff NAILY NIDA.

117. As a direct and proximate cause of Defendants' conduct, Plaintiff NAILY NIDA was caused to suffer severe emotional distress, including, but not limited to anxiety, anguish, humiliation, and other injuries to her nervous systems.

118. The conduct of Defendants OFFICER GILEY and DOES 1-5 was malicious, wanton, and oppressive, and accomplished with a conscious disregard for the rights of Plaintiff, entitling her to an award of exemplary and punitive damages.

119. Plaintiff NAILY NIDA brings this claim in her individual capacity.

## FOURTEENTH CLAIM FOR RELIEF

### Negligent Retention

(Against Defendants DPD, DOES 6-10 and CITY)

120. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 119 of this Complaint with the same force and effect as if fully set forth herein.

121. Defendants DPD, DOES 6-10 and CITY were negligent and reckless in their duty of care to Plaintiffs and the general public in retaining Defendants OFFICER GILLEY and DOES 1-5 in the employment of the DPD after several occasions of excessive force being used by the Police Officers.

122. Defendants DDP and DOES 6-10 knew or should have known that Defendants DOES 1-5 had a propensity for using excessive force. Defendants DOES 6-10 had a heightened awareness of the dangerous propensities of Defendants DOES 6-10 following a July 2011 incident with Miguel Macias, a Hispanic man.

123. The July 2011 incident and others created a heightened foreseeabilty that Defendants DPD, DOES 6-10 and CITY ignored.

124. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died and lost his earning capacity. Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body. Plaintiff has also been deprived of the life-long love, companionship, comfort, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

125. CITY is vicariously liable for the wrongful acts of Defendants OFFICER GILLEY and DOES 1-10, inclusive, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

126. The conduct of Defendants OFFICER GILLEY and DOES 1-10 were malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff and DECEDENT, entitling Plaintiff to an award of exemplary and punitive damages.

127. Plaintiff NAILY NIDA brings this claim individually and as successor-in-interest to DECEDENT, and seeks both survival and wrongful death damages under state law. Plaintiffs S.N., A.N., X.N. and M.N. bring this claim in their individual capacity.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request entry of judgment in their favor and Defendants City of Downey, Downey Police Department, OFFICER GILLEY, and DOES 1-10, inclusive, as follows:

     A.  For compensatory damages, including both survival damages and wrongful death damages under federal and state law in an amount to be proven at trial;

     B.  For punitive damages in an amount to be proven at trial;

     C.  For funeral and burial expenses, and loss of financial support;

     D.  For punitive damages against the individual defendants at an amount to be proven at trial;

     E.  For interest;

     F.  For reasonable costs of this suit and attorney's fees; and

     G.  For such further relief as the Court may deem just and appropriate.

DATED: February 15, 2012

                                                **THE CLAYPOOL LAW FIRM**

                                                Brian E. Claypool, Esq.,
                                                Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

DATED: February 15, 2012

THE CLAYPOOL LAW FIRM

Brian E. Claypool Esq.,
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge S. James Otero and the assigned discovery Magistrate Judge is John E. McDermott.

The case number on all documents filed with the Court should read as follows:

## CV12- 1382 SJO (JEMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

Name & Address:
Brian E. Claypool, State Bar #134674
Claypool Law Firm
1055 E. Colorado Blvd., 5th FL
Pasadena, CA 91106

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

S.N., a minor by and through her Guardian Ad Litem,
Naily Nida et. al

                              PLAINTIFF(S)
              v.          *see attached*

CITY OF DOWNEY; DOWNEY POLICE
DEPARTMENT; OFFICER STEVE GILLEY; and
DOES 1-10, inclusive

                              DEFENDANT(S).

**CASE NUMBER**

CV12-01382 SJO(JHLx)

**SUMMONS**

TO:   DEFENDANT(S): City of Downey, Downey Police Department, Officer Steve Gilley & Does 1-10, inclusive

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _____, whose address is _____.   If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.   You also must file your answer or motion with the court.

Dated:   FEB 2 3 2012

Clerk, U.S. District Court

By: _____
                 Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                          **SUMMONS**

Brian E. Claypool, Esq., State Bar# 134674
**THE CLAYPOOL LAW FIRM**
1055 East Colorado Blvd., 5th Floor
Pasadena, CA 91106
(626) 240-4616 (telephone)
(626) 796-9951 (fax)

Attorneys for Plaintiffs,

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

S.N., a minor by and through her
Guardian Ad Litem, Naily Nida; A.N. a
minor by and through her Guardian Ad
Litem, Naily Nida; X.N., a minor by
and through his Guardian Ad Litem,
Naily Nida; M.N., a minor by and
through her Guardian Ad Litem, Naily
Nida; GERALD THAXTON; LOIS
JEAN THAXTON; and NAILY NIDA
        Plaintiffs,

    vs.

CITY OF DOWNEY; DOWNEY
POLICE DEPARTMENT; OFFICER
STEVE GILLEY; and DOES 1-10,
inclusive
        Defendants

Case No.:

COMPLAINT FOR DAMAGES

1. Unreasonable Search and Seizure – Detention and Arrest (42 U.S.C §1983)
2. Unreasonable Search and Seizure and Due Process – Excessive Force (42 U.S.C. §1983)
3. Substantive Due Process (42 U.S.C. §1983)
4. Municipal Liability for Unconstitutional Custom, Practice, or Policy (42 U.S.C. §1983)
5. Supervisory Liability for Constitutional Violations (42 U.S.C. §1983)
6. Violations of First Amendment – Freedom of Association (42 U.S.C. §1983)
7. Wrongful Death (C.C.P. §377.60)
8. Survival Action (42 U.S.C. §1983 & C.C.P. §377.34)
9. Negligence
10. Battery
11. False Arrest/False Imprisonment
12. Violation of Bane Act (Cal. Civ. Code §51.7)
13. Intentional Infliction of Emotional Distress
14. Negligent Retention

**DEMAND FOR JURY TRIAL**

- 1 -
COMPLAINT FOR DAMAGES

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| S.N., a minor by and through her Guardian Ad Litem, Naily Nida et. al | CITY OF DOWNEY; DOWNEY POLICE DEPARTMENT; OFFICER STEVE GILLEY; and DOES 1-10, inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Brian E. Claypool<br>1055 E. Colorado Blvd., 5th FL, Pasadena, CA 91106<br>Telephone: (626) 240-4616 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No    ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 USC §1983

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | IMMIGRATION | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: _____  CV12-01382  _____.

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No  ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)
☐ A.  Arise from the same or closely related transactions, happenings, or events; or
☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date 2/15/12

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |