1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11   S.N., a minor by and through her )   Case No.: CV12-01382 SJO (JEMx)
     Guardian Ad Litem, Naily Nida; A.N. a )  [*Hon. S. James Otero, District Judge;*
12   minor by and through her Guardian Ad )   *Hon. John E. McDermott, Magistrate Judge*]
     Litem, Naily Nida; X.N., a minor by and )
13   through his Guardian Ad Litem, Naily )
     Nida; M.N., a minor by and through his )   **[PROPOSED]** **PROTECTIVE**
14   Guardian Ad Litem, Naily Nida; )   **ORDER RE CONFIDENTIAL**
     GERALD THAXTON; LOIS JEAN )   **DOCUMENTS**
15   THAXTON; AND NAILY NIDA )
                                          )
16                    Plaintiffs,         )
                                          )
17   vs.                                  )
                                          )
18   CITY OF DOWNEY; DOWNEY )
     POLICE DEPARTMENT; OFFICER )
19   STEVE GILLEY, and DOES 1-10, )
     inclusive,                           )   Complaint Filed:   02/17/2012
20                                         )   Trial Date:        05/07/2013
                      Defendants.         )
21   _____ )

22

23          PURSUANT TO THE STIPULATION OF THE PARTIES ("Stipulation of the

24   Parties for Protective Order re Confidential Documents"), and pursuant to the Court's

25   inherent and statutory authority, including but not limited to the Court's authority

26   under the applicable Federal Rules of Civil Procedure and the United States District

27   Court, Central District of California Local Rules; after due consideration of all of the

28   relevant pleadings, papers, and records in this action; and upon such other evidence or

argument as was presented to the Court; Good Cause appearing therefor, and in furtherance of the interests of justice,

IT IS HEREBY ORDERED that:

1.    The parties, in the production or disclosure of documents, records, information, or tangible things in this case (hereafter"documents") may designate certain documents as "Confidential" (collectively herein as "Confidential Documents").  The types of documents which may be designated as Confidential Documents hereunder include: (1) peace officer personnel files and all records which are typically contained within or associated with such peace officer personnel files according to the regular practices of the law enforcement agency which is the custodian of such records – including but not limited to internal affairs investigations and related interviews and reports, peace officer personal financial and asset information, peace officer medical records in the custody of the peace officer's law enforcement agency employer, records regarding peace officer discipline, associated law enforcement agency employment/internal affairs investigations and related interviews and reports, interviews and reports related to personnel complaints by peace officers and/or citizen complaints against peace officers, and peace officer training records; and (2) comparable records of the parties that may otherwise be privileged from disclosure but which the parties agree to produce pursuant to the terms of the parties' Stipulation and this Protective Order, including a party's medical records, financial records, or other privileged records, documents, or information. However, nothing in the parties' Stipulation and this Protective Order shall be construed as to *require* or mandate that any party disclose or produce privileged information or records or other Confidential Documents in this action.

2.    The parties' Stipulation and this Protective Order also requires each party to this action to return the Confidential Documents produced to that party at the conclusion of this lawsuit, subject to certain exceptions specified *infra*: this requirement is intended to ensure that the use of Confidential Documents is limited to

the particular case in which the facts or documents are relevant or at issue.  The parties further agree that the parties' Stipulation and its terms and provisions, and this Protective Order, and any Order based thereon, is/are applicable only to the above entitled matter and may not be used in the proceedings of any other matter for the purpose of establishing good cause for a similar stipulation or protective order, nor as a basis for any contention that certain documents or records should or should not be produced in another matter.

3.      The mechanism by which parties may designate documents as Confidential Documents is either by marking the individual documents as being "Confidential," such as on the footer of a specific/individual document, or by enclosing, with the documents such party intends to be treated as Confidential Documents hereunder, written disclosures or discovery responses or correspondence specifically and individually identifying those enclosed documents as "Confidential" such party intends to be treated as Confidential Documents hereunder.  The preferred method of designating documents as Confidential Documents is to employ all of the aforementioned means of designation, but such is not required hereunder.

4.      Documents marked as "Confidential" shall be so marked in a manner that does not obstruct the substance of that document's text or content.  No party shall be permitted to alter or copy a document or record designated as "Confidential" so as to make it appear that such copy of such document or record was not a Confidential Document subject to the terms of the parties' Stipulation and this Protective Order; such alteration or copying shall subject the party or counsel who engages in such action regarding such documents to sanctions, at the discretion of the Court.  Nothing in this paragraph shall be construed so as to prohibit transparent "highlighting" of any Confidential Document for emphasis, provided that prior to filing any such "highlighted" document with the Court and/or prior to publishing such "highlighted" document to the finder of fact or jury in this matter, the party adding such "highlighting" emphasis informs the Court or the fact finder, as applicable, that the

1   "highlighting" party has added such "highlighting" emphasis to the document at

2   issue.

3        5.     Hereafter, a party who has designated documents as Confidential

4   Documents shall be referred to as the "producing-disclosing party [or counsel]" and

5   the party to whom such documents are produced or disclosed shall be referred to as

6   the "recipient party [or counsel]."

7        6.     Confidential Documents shall be used only in preparation for the above

8   entitled action, up to and including the completion of judicial proceedings, as well as

9   any appellate phase of this action, and not for *any* other purpose, including any other

10  litigation or dispute, and may not be disclosed or disseminated to any other persons,

11  including to any other counsel, other than as set forth in the parties' Stipulation and

12  this Protective Order.

13       7.     In the event that a recipient party or counsel contends that any

14  Confidential Documents were already in the possession of that party, or that party's

15  counsel, prior to the date of the parties' Stipulation and this Protective Order, or prior

16  to such documents' production in this matter by the producing-disclosing party, the

17  recipient party or counsel shall have the burden of proving that any such documents

18  were in fact already in the possession of the recipient party or that party's counsel

19  prior to the date of the parties' Stipulation and this Protective Order, or prior to such

20  documents' production in this matter.

21       8.     The parties will attempt to resolve any issue regarding such disputed

22  documents or records pursuant to Federal Rule of Civil Procedure 37(a)(1) before

23  submitting any such dispute-issue to the Court.

24       9.     Notwithstanding the foregoing, and despite any dispute as to whether

25  any documents produced should be subject to the terms of the parties' Stipulation and

26  this Protective Order as a result of prior possession, the parties will continue to treat

27  the document(s) at issue as confidential and subject to the parties' Stipulation and this

28  Protective Order until the Court rules upon the dispute or until the parties reach

agreement on the issue, whichever comes first.

10.     If, upon review of such a dispute, the Court determines that the disputed Confidential Documents were already in the possession of the recipient party or counsel prior to the date of the parties' Stipulation and this Protective Order, or prior to such documents' production in this matter, those specific documents shall not be subject to the provisions on destruction of copies (¶ 24, *infra*) nor to the provisions on return of documents at the conclusion of litigation (¶ 25, *infra*), nor shall the recipient party or counsel be prohibited from using those specific documents in other litigation or at trial of this action: otherwise, the remaining provisions of the parties' Stipulation and this Protective Order shall continue to apply to such documents as Confidential Documents hereunder.

11.     The recipient parties to the above entitled action, and/or their counsel, and/or their agents or the agents or employees of their counsel, shall secure and maintain the confidentiality of any and all Confidential Documents in their possession, and shall ensure that such Confidential Documents are used only for the purposes set forth herein below, and for no other purpose, and subject to the terms and provisions of the parties' Stipulation and this Protective Order.

12.     Nothing in the parties' Stipulation or this Protective Order shall be construed as a waiver by any party of any right to object on any ground to the use in any proceeding, or to the admission into evidence, of any Confidential Documents. Nothing in the parties' Stipulation or this Protective Order shall be construed so as to prevent the admission of Confidential Documents into evidence at the trial of this matter, or in appellate proceedings on this matter, solely on the basis of the documents' designation as Confidential Documents.

13.     Nothing in the parties' Stipulation or this Protective Order shall be construed as a waiver by any party of any right it would otherwise have to object to disclosing or producing any information or documents on any ground not specifically addressed in the parties' Stipulation and this Protective Order, including but not

limited to objections pursuant to the California Government Code, California Evidence Code, California Penal Code, the Official Records Privilege, the federal Official Information Privilege, the federal Executive Deliberative Process Privilege, the law enforcement-investigative privilege, the attorney-client privilege, the physician-patient privilege, the therapist-patient privilege, the attorney work product protection, the taxpayer privilege, or the right to Privacy under the United States Constitution, the California Constitution or any other applicable state or federal authority, or any other privilege against disclosure or production available under any provision of federal or California law. Nothing in the parties' Stipulation or this Protective Order shall be construed as *requiring* the production or disclosure of documents or information that may be or have been designated as Confidential Documents. Nothing in the parties' Stipulation or this Protective Order shall be construed as a waiver by any party of any right it would otherwise have to obtain, acquire, or discover documents or records from any party to the extent permitted under federal or California law, except as specifically delineated in the parties' Stipulation and this Protective Order.

14.     The parties' Stipulation and this Protective Order shall not be construed as a stipulation by any party that any privilege asserted by any party regarding Confidential Documents, whether produced or disclosed or not, is applicable or valid as to such documents; however, all parties, by and through their undersigned counsel, agree to abide by the terms of the parties' Stipulation and this Protective Order and to maintain such documents' confidentiality pursuant to the terms of the parties' Stipulation and this Protective Order.

15.     Confidential Documents produced in this action shall remain in the sole custody of recipient counsel to whom such documents are produced, who shall be prohibited from releasing or disseminating, to any other persons – including but not limited to legal counsel – any or all such Confidential Documents, except as specifically delineated in the parties' Stipulation and this Protective Order.

16.     All those permitted by a recipient counsel or party to review any Confidential Documents must be informed of the terms of the parties' Stipulation and this Protective Order and must agree to abide by such Stipulation and Protective Order before the recipient party or counsel may produce or disclose such documents to such person(s).

17.     Confidential Documents may be disseminated, released, copied, shared, or otherwise reproduced by a recipient party or counsel only to the following persons:

(a)     counsel for any party to this action who is also a party to this Stipulation;

(b)     paralegal, stenographic, clerical and/or secretarial personnel regularly employed by counsel referred to in paragraph (a);

(c)     court personnel, including stenographic reporters engaged in such proceedings as are necessary incident to preparation for the trial and pre-trial proceedings in the above entitled action;

(d)     any outside expert or consultant retained in connection with this action, and not otherwise employed by either of the parties – provided that such expert or consultant understands and agrees to abide by the terms of the parties' Stipulation and this Protective Order;

(e)     any "in-house" or outside experts designated by the defendant(s) to testify at trial in this matter; and/or

(f)     any party or witnesses to this action, provided that such party or witness understands and agrees to abide by the terms of the parties' Stipulation and this Protective Order.

18.     Confidential Documents may be submitted in all law and motion proceedings before the Court if done so under seal pursuant to Federal Rules of Civil Procedure 5.2 and 26 and/or United States District Court, Central District of California Local Rules 79-5.1 and 79-5.2 as applicable and pursuant to the provisions of this paragraph.  If any party attaches any Confidential Documents to any pleading,

motion, or other paper to be filed, lodged, or otherwise submitted to the Court, that
Confidential Document(s) shall be filed/lodged under seal pursuant to Federal Rules
of Civil Procedure 5.2 and 26 and/or United States District Court, <u>Central District of
California Local Rules 79-5.1 and 79-5.2</u> to the extent applicable.  However, this
paragraph shall not be construed so as to prevent a producing-disclosing party or
counsel from submitting, filing, lodging, or publishing any document it has
previously designated as a Confidential Document without compliance with this
paragraph's requirement to do so under seal (i.e., a producing-disclosing party or
counsel may submit or publish its own Confidential Documents without being in
violation of the terms of this Stipulation and Protective Order).  Furthermore, a
recipient party or counsel shall be **exempted** from the requirements of this paragraph
as to any specifically identified Confidential Document(s) where the counsel for the
producing-disclosing party of such specifically identified Confidential Document(s)
serves an express, written waiver as to such specifically identified Confidential
Document(s) prior to the submission or publication of the Confidential Document(s)
at issue, either upon request by a recipient party or upon the producing-disclosing
party's own initiative; a recipient party or counsel shall also be **exempted** from the
requirements of this paragraph as to any specifically identified Confidential
Document(s) where such Confidential Document(s) is/are **not** documents, records, or
information regarding (1) private, personal information contained in peace officer
personnel files (such as social security numbers, driver's license numbers or
comparable personal government identification numbers, residential addresses,
compensation or pension or personal property information, credit card numbers or
credit information, dates of birth, tax records and information, information related to
the identity of an officer's family members or co-residents, and comparable personal
information about the officer or his family); (2) any internal affairs or comparable
investigation by any law enforcement agency into alleged officer misconduct; or (3)
the medical records or records of psychiatric or psychological treatment of any peace

officer or party to this action.  The parties shall confer in good faith regarding any request for waiver from this sealing requirement.  Prior to submitting in any law and motion proceedings before the Court any Confidential Document(s) exempted from the sealing requirement of this Stipulation and any associated Protective Order, a recipient party or counsel shall confer in good faith with the producing-disclosing party or counsel on the issue of whether the parties can agree on whether such exempted Confidential Document(s) should be filed under seal or whether, if the parties cannot agree, the producing-disclosing party or counsel should move to have such Confidential Document(s) placed under seal by the Court.  Additionally, nothing in this paragraph shall be construed to bind the Court so as to limit or prevent the publication of any Confidential Documents to the jury or factfinder, at the time of trial of this matter, where the Court has deemed such Confidential Documents to be admissible into evidence.

19.    Nothing in the parties' Stipulation or this Protective Order shall be construed as requiring a producing-disclosing party or counsel to waive the requirements hereunder of filing, lodging, or otherwise submitting Confidential Documents to the Court only pursuant to the terms of the parties' Stipulation and this Protective Order and/or to applicable federal or local rules.

20.    If, in connection with any deposition taken in this action, counsel questions a witness regarding materials subject to the parties' Stipulation and this Protective Order, or use(s) Confidential Documents as deposition exhibits, at the request of opposing counsel or party, the portions of the transcripts of such deposition testimony wherein such materials are discussed, and the applicable attached exhibits, shall be designated as Confidential Documents and shall be subject to the provisions of the parties' Stipulation and this Protective Order.  However, only deposition *exhibits* that are designated as Confidential Documents shall be subject to the end-of-litigation return requirement of the parties' Stipulation and this Protective Order, *infra* (¶¶ 24-25 of this Order; ¶¶ 45-46 of the Stipulation); deposition *transcripts*

1  designated as Confidential Documents shall *not* be subject to the aforementioned end-

2  of-litigation return requirement of the parties' Stipulation and this Protective Order.

3      21.    The parties' Stipulation and this Protective Order is/are not intended, and

4  shall not be construed, to prevent current officials or current employees of the City, or

5  Police Department, or Defendant(s), or other authorized government officials, from

6  having access to any document(s) to which such officials or employees would have

7  had access in the normal course of their job duties.

8      22.    Confidential Documents shall not be shown, produced, shared, copied to,

9  published, or otherwise disseminated or produced to any person by any recipient

10  party or counsel, or their agents or persons to whom such recipient party or counsel

11  discloses or produces such Confidential Documents, other than as specified in the

12  parties' Stipulation and this Protective Order.

13      23.    Confidential Documents shall not be shown, produced, shared, copied to,

14  published, or otherwise disseminated or produced by any recipient party or recipient

15  party's counsel, or their agents or employees, to any member of the press or news or

16  entertainment media under any circumstances or at any time.

17      24.    Electronic copies of any Confidential Documents may be made by any

18  recipient party or counsel but such copies, and their dissemination by any means or

19  medium, shall also be subject to the terms of the parties' Stipulation and this

20  Protective Order, and all such copies in the possession of any recipient party or

21  counsel, or their agents, shall be destroyed or permanently deleted **at the conclusion**

22  **of the legal proceedings** in the above entitled matter.

23      25.    **At the conclusion-end of the legal proceedings** in the above entitled

24  matter, each person or entity – except court personnel – who has received any

25  Confidential Documents, or any copy thereof, and who is not the producing-

26  disclosing party thereof, shall return all such Confidential Documents to the

27  producing-disclosing counsel within thirty (30) calendar days of the conclusion of

28  such proceedings, or be subject to monetary or other sanctions at the Court's

discretion.  No recipient party or counsel may retain any Confidential Documents, or copies thereof, or permit any person or entity to whom the recipient party or counsel provided such document(s) to retain any Confidential Documents, after legal proceedings in the above entitled matter have concluded.

26.     All counsel in the above entitled action specifically agree not to cause or knowingly permit any disclosure or production of any Confidential Documents, or the contents thereof, except as permitted by the terms of the parties' Stipulation and this Protective Order.

27.     Any restriction or obligation of the parties' Stipulation and this Protective Order that applies to any recipient party likewise applies to any recipient counsel, and vice versa.

28.     In the event that any party, person, or entity subject to the terms of the parties' Stipulation and this Protective Order violates the terms or provisions thereof, in a manner consistent with the requirements of Due Process and the applicable provisions governing motions for sanctions under federal law, including but not limited to the Federal Rules of Civil Procedure and the United States District Court, Central District of California Local Rules, to the extent applicable, at the Court's discretion, the Court may impose sanctions against the party, person, or entity that the Court finds to have violated of the terms of the parties' Stipulation and/or this Protective Order.  However, nothing in this paragraph shall be construed so as to subject *counsel* for any party in the above entitled action to sanctions for any violation(s) of the parties' Stipulation and/or this Protective Order that are committed by other persons or entities – including but not limited to any agent or employee of any recipient party or counsel or any consultants or experts retained by any recipient party or counsel – provided that, in the event of the filing of a motion for sanctions for violation of the terms of the parties' Stipulation and/or this Protective Order, or within thirty (30) days of the termination of this action (whichever is sooner), recipient counsel files a sworn declaration with this Court affirming that: (a) the

alleged violator was informed of all of the applicable terms and provisions of the parties' Stipulation and this Protective Order prior to being provided with any Confidential Documents; (b) the alleged violator agreed to abide by the applicable terms and provisions of the parties' Stipulation and this Protective Order prior to being provided with any Confidential Documents; and (c) the recipient party and recipient counsel otherwise complied with the end-of-litigation return/destruction provisions of the parties' Stipulation and this Protective Order (*e.g.*, ¶¶ 24-25 of this Order; ¶¶ 45-46 of the Stipulation), to the extent applicable.  Nothing in the parties' Stipulation and this Protective Order shall be construed as providing for sanctions or the enforcement of any Court orders beyond the powers conferred upon the Court under existing law.

29.     The provisions of the parties' Stipulation and this Protective Order shall be in effect until further Order of the Court or further written Stipulation by the parties by and through their attorneys of record.

**IT IS SO ORDERED**.

Dated: July 30, 2012            */s/John E. McDermott* _____
                                **UNITED STATES MAGISTRATE JUDGE**